UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 3:21-cr-131

vs.

SHAMAIN MILLERTON, SR.,           District Judge Michael J. Newman

    Defendant.

---

**ORDER AND ENTRY: (1) GRANTING THE MOTION BY LAWRENCE GREGER, ESQ. TO WITHDRAW AS DEFENSE COUNSEL (Doc. No. 28); (2) SEALING THE RECORD OF THE DECEMBER 15, 2021 PLEA COLLOQUY; (3) APPOINTING GLEN R. McMURRY AS NEW DEFENSE COUNSEL; (4) MAKING AN ENDS OF JUSTICE FINDING TO FEBRUARY 7, 2022; AND (6) SCHEDULING TRIAL ON JANUARY 31, 2022 AT 9:00 A.M.**

---

This criminal case came before the Court on December 15, 2021 by GoToMeeting for a status conference and to set a trial date.

During the conference, the Court was advised that Defendant wished to plead guilty and a Fed. R. Crim. P. 11(c)(1)(C) change-of-plea colloquy was begun. During the colloquy, however, there was a disagreement as to the number of months of incarceration the parties had agreed upon, and the Court ended the colloquy and terminated the change-of-plea.

After the conference, defense counsel Lawrence Greger filed a motion to withdraw (Doc. No. 28). In the motion, Mr. Greger made reference to his potential ineffective assistance of counsel and asked the Court to seal the record.

First, for good cause shown, the Court **GRANTS** defense counsel's motion to withdraw. Second, at the request of Mr. Greger and for good cause shown, the Court **SEALS** the record of the December 15, 2021 conference/hearing. Third, the Court respectfully notes its disagreement

with Mr. Greger's characterization of the December 15th proceedings -- there was no ineffective assistance of counsel; instead, the Court witnessed Mr. Greger, who had taken over this case just last week, zealously representing his client and advocating on his behalf.

At the end of the December 15th conference/hearing, counsel for both sides -- believing that the plea had fallen through and that Defendant will be proceeding to trial -- moved to extend the Speedy Trial Act deadline in order to afford Defense counsel time to prepare for trial.  Defense counsel suggested, and the Court agreed, to a **Speedy Trial Act deadline of February 7, 2022.** The Court finds, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i), after considering the factors set forth therein, that the ends of justice are served by granting the continuance, and that such continuance outweighs the best interest of the public and Defendant in a speedy trial.  Failure to grant the continuance would deny both the Government and Defendant the time necessary for effective preparation (such as having witnesses available to testify at trial), and the ability to explore all available means of resolving this case.  *See* 18 U.S.C. § 3161(h)(7). Thus, the time from **December 15, 2021 until February 7, 2022** is excluded in computing the time period set forth in 18 U.S.C. § 3161 within which the United States must bring Defendant to trial.

Pursuant to the granting of the motion to withdraw, the Court **APPOINTS** attorney Glen R. McMurry, of the CJA panel for the Southern District of Ohio, as defense counsel going forward. Trial is s scheduled for **January 31, 2022, at 9:00 a.m.**

**IT IS SO ORDERED.**

  December 16, 2021                            /s Michael J. Newman
                                               Hon. Michael J. Newman
                                               United States District Judge